# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**TERRENCE JENKINS,**

    **Plaintiff,**

**v.**                                                    **Case No.:**

**ALPHA FOUNDATION SPECIALISTS, LLC f/k/a ALPHA FOUNDATION SPECIALISTS, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Terrence Jenkins ("Plaintiff"), by and through undersigned counsel, herby sues Alpha Foundation Specialists, LLC f/k/a Alpha Foundation Specialists, Inc. ("Defendant") and in support of states as follows:

## NATURE OF ACTION

1. This is an action for monetary damages, costs, and reasonable attorney's fees to redress Defendant's violations of Plaintiff's rights under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq.* ("ADAAA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADAAA.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

4. Plaintiff is a resident of Duval County, Florida.

5. Plaintiff worked for Defendant in Duval County, Florida.

6. Defendant is a Foreign Limited Liability Company.

7. At all times mentioned herein, before and after, the persons responsible for perpetrating discriminatory actions against Plaintiff were agents and employees of Defendant and were at all times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions.

8. Plaintiff is considered an "employee" within the meaning of the ADAAA.

9. Defendant is considered an "employer" within the meaning of the ADAAA.

10. Plaintiff is "disabled" as defined by the ADAAA.

11. Defendant knew of Plaintiff's disability during his employment.

12. Plaintiff was a "qualified individual" as defined by the ADAAA during his employment with Defendant.

## PROEDURAL REQUIREMENTS

13. Plaintiff timely dual-filed a charge of discrimination against Defendant with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC").

14. The EEOC issued a "Determination and Notice of Rights" letter on or about December 30, 2022 authorizing an action to be commenced within ninety (90) days of receipt of that letter.

15. This complaint was filed within ninety (90) days of receipt of the "Determination and Notice of Rights" letter.

## STATEMENT OF FACTS

16. Plaintiff began his employment with Defendant on or around June 08, 2014.

17. Defendant provides services related to foundation correction and repair.

18. On or around June 15, 2020, Plaintiff severely injured his back while showing a new co-worker how to operate a "smart jack".

19. The back injury placed Plaintiff in excruciating pain, and left him unable to bend, lift, or walk without excruciating pain.

20. After sustaining the injury, Plaintiff spoke with his foreman regarding the injury and impairments, and requested to take the rest of the day off to seek medical treatment.

21. Plaintiff again contacted his foreman on or around June 15, 2020 to request leave and inform the foreman that he would be seeing a doctor later that day.

22.  Late that same day, Plaintiff was able to seek medical attention for his back injury and the doctor placed him on leave for three (3) days.

23.  Subsequently, Plaintiff informed the Defendant of his need for leave of three (3) days due to his musculoskeletal injury and that the injury left him unable to bend, lift, walk up a flight of stairs, pick up his kid, or even tie his shoe.

24.  Defendant contacted Plaintiff on or around June 17, 2020 to inform him that his request for leave was denied and that he was being terminated.

25.  Plaintiff still suffers from these limitations.

26.  Plaintiff has retained the undersigned attorney and agreed to pay him a fee.

## CLAIMS FOR RELIEF

### Count I – Discrimination in violation of the ADAAA

27.  All allegations prior to Count I are reallaged and incorporated herein.

28.  At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADAAA in that Plaintiff was and is capable of performing all essential functions of his employment position with or without a reasonable accommodation.

29.  Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

30.  Defendant terminated Plaintiff because of his disability.

4

31. Defendant's discharge of Plaintiff because of his disability constitutes discrimination against Plaintiff with respect to the terms, privileges, conditions of his employment.

32. As a direct and proximate cause of Defendant's unlawful termination of Plaintiff, he has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count II – Failure to accommodate in violation of the ADAAA

33. All allegations prior to Count I are reallaged and incorporated herein.

34. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADAAA in that Plaintiff was and is capable of performing all essential functions of his employment position with or without a reasonable accommodation.

35. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

36. Plaintiff requested leave as an accommodation due to his own disability.

37. Defendant failed to engage in the required interactive process of evaluating and responding to Plaintiff's request to accommodate his disability, failed to establish that the requested accommodation was an undue hardship, and failed to reasonably accommodate Plaintiff's disability.

38. As a direct and proximate cause of Defendant's failure to accommodate Plaintiff, he has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count III – Retaliation in violation of the ADAAA

39. All allegations prior to Count I are reallaged and incorporated herein.

40. Plaintiff engaged in protected activity by requesting a reasonable accommodation in the form of leave.

41. Defendant retaliated against Plaintiff by terminating his employment.

42. As a direct and proximate cause of Defendant's retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

(a)     That process issue and that this Court take jurisdiction over the case;

(b)     Judgement against Defendant in the amount of Plaintiff's back wages and back benefits, front-pay, compensatory damages, including emotional distress damages, liquidated damages, punitive damages, declaratory relief, injunctive relief and prejudgment interest thereon;

(c)     All costs and reasonable attorney's fees in litigating this matter (including expert fees); and

(d)     For such further relief as this Court deems just and equitable.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this 30th day of March, 2023 by:

/s/ Jason B. Woodside
Jason B. Woodside, Esq.
FL Bar No. 104848
Woodside Law, P.A.
100 South Ashley Drive
Suite 600
Tampa, FL 33602
T: (813) 606-4872
F: (813) 333-9845
Email: Jason@woodsidelawpa.com
*Attorney for Plaintiff*